# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

Case No. 13-2677

in re David Stebbins ) on Petition for Writ of Mandamus
)
)

## PETITION FOR WRIT OF MANDAMUS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following petition for writ of mandamus.

### Relief Sought

1. Petitioner asks that the decision from James R. Marchewski in Case No. 12-3022 in the United States District Court for the Western District of Arkansas to (A) proceed with considering the Defendant's motion to compel on the merits, despite admitting that the motion is not properly before the court, and (B) granting the motion to compel, despite the sensitive nature of the privileged matter being requested, be overridden.

### Issues Presented

2. Does the District Court have jurisdiction to consider a motion to compel when the movant has not made reaosnable, good-faith attempts to resolve the dispute without court action? Furthermore, does considering a motion so flawed constitute a usurpation of a judge's subject-matter jurisdiction?

3. Does the filing of a lawsuit which implicates the Americans with Disabilities Act consitute a total waiver of any and all doctor-patient privileges, even for such medical records that are completely irrelevant to the ADA case?

RECEIVED
JUL 31 2013
U.S. COURT OF APPEALS
EIGHTH CIRCUIT

## Facts

4. Defendants in Case No. 12-3022 issued a request for production against Petitioner, demanding ALL of his medical records. They did not merely request medical records which document Petitioner's Asperger Syndrome, or which document Petitioner's post-traumatic stress disorder as a result of Jason Jones' harassment and threatening; they requested ALL the medical records, every urine sample, every finger up Petitioner's butt, since the day he was born.

5. When Plaintiff objected to the discovery request on the grounds of doctor-patient privilege, Defendants moved to compel.

6. Plaintiff pointed out that the motion to compel was not properly before the Court, as the Defendants did not make reasonable attempts to resolve the discovery dispute without court action, which is required under Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification [the truth of which is required under Fed. R. Civ. P. 11] that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action").

7. Plaintiff also pointed out that the request for medical records is overly broad, and that, to protect Plaintiff's confidentiality of medical records, only those medical records which are strictly relevant to the instant case should be discoverable.

8. On July 30, 2011, Magistrate Judge James R. Marchewski conceded that Petitioner's objection that the Defendants failed to resolve the dispute without court action was factually correct, but paid this no heed. His exact words were "[w]hile it is true that Defendants' did not attach to their motion any letters or other materials to substantiate their efforts to work this dispute out, the Court will nevertheless proceed with disposing of the motion on its merits." See Document #82.

9. Marchewski then proceeded to grant the motion to compel, directing Petitioner to sign the requested medical records release form and deliver it to Defense Counsel by August 15, 2013. His only explanation for doing so was that "Plaintiff [Petitioner] has brought a claim under the Americans with Disabilities Act maintaining that the Defendants failed to provide reasnable accommodations in light of his disability. This has put his medical condition at issue."

### Reasons for Issuing the Writ

10. A writ of mandamus "is an 'extraordinary remedy' that is available only to correct a 'clear abuse of discretion.'" See *in re Apple, Inc.*, 602 F. 3d 909, 911 (8th Cir. 2010). This Court's precedent "recognizes 'manifest judicial arbitrariness' as a basis for granting a writ." See *id*. Furthermore, "[a]s a means of implementing the rule that mandamus will issue only in extraordinary circumstances, the party seeking this largely discretionary writ must show that there are no other adequate means to secure the desired relief." See *Kerr v. United States District Court*, 426 U.S. 394 (1976).

11. Manifest judicial arbitrariness is present in this case. The Court has acted in excess of its jurisdiction by considering a motion on the merits that it admits was not properly before it. Officially, James R. Marchewski raised the motion to compel *sua sponte* (because a lack of propriety in the motion filed means that, officially, it was never filed to begin with).

12. Marchewski also engaged in manfiest arbitrariness when he acted in complete disregard to Petitioner's right to medical confidentiality. Marchewski's logic that a person, simply by nature of filing an ADA discrimination lawsuit, waives his right to medical privacy, regardless of relevance or potential prejudice, and consents to have his entire lifetime's worth of medical history displayed on public record for all the word to see is, in a word, ridiculous.

13. Pursuant to the *Kerr* precedent, Petitioner cannot obtain relief from this order by any

other means. If Marchewski will not honor the axiomatic right of Petitioner to medical privacy in the first instance, it is reasonable to assume that he will engage in similar disregard other safeguards which are in place to protect Petitioner's privacy on multiple levels. Petitioner has to go over Respondent's head; there is no other way.

14. Similarly, Petitioner cannot obtain adequate relief by regular appeal. If Petitioner were to await the entry of a final judgment in this case before challenging this ridiculous order, the damage would already have been done.

### Conclusion

15. Wherefore, premises considered, Petitioner requestfully requests that the Petition for Writ of Mandamus be granted, costs incurred be awarded, and other relief to which he may be entitled. So requested on this 31st day of July, 2013.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                      PLAINTIFF

v.                             Civil No. 12-3022

BOONE COUNTY, ARKANSAS;
and SHERIFF DANNY HICKMAN                                DEFENDANTS

## ORDER

Pending before me for decision are a number of motions. Each motion will be addressed in turn.

**Motion to Compel** (Doc. 32)

In the first motion (Doc. 32), Defendants seek to compel Plaintiff to provide the names and addresses of physicians and/or healthcare facilities that provided treatment for Plaintiff within the last three years. Plaintiff has also refused to sign a medical authorization which would allow Defendants to obtain copies of Plaintiff's medical records.

Plaintiff objects (Doc. 47) on the grounds that he believes the requests should be limited to those records related to his diagnosis of Asperger's Syndrome or treatment of the same. He further asserts that Defendants did not make any efforts to resolve the dispute with him prior to filing the motion to compel.

While it is true that Defendants' did not attach to their motion any letters or other materials to substantiate their efforts to work this dispute out, the Court will nevertheless proceed with disposing of the motion on its merits. However, both parties are reminded that they have a duty to attempt to work out any discovery dispute prior to filing a motion to compel in court. *Rule 7.2(g) of the Local Rules for the Eastern and Western Districts of Arkansas.*

The motion (Doc. 32) is granted. Plaintiff has brought a claim under the Americans with Disabilities Act maintaining that the Defendants failed to provide reasonable accommodations in light of his disability, Asperger's Syndrome. This has put his medical condition at issue. Plaintiff is directed to provide Defendants with the information sought and with a signed medical authorization **by August 15th**.

-1-

**Motion to Compel** (Doc. 35)

Plaintiff asserts that Defendants have failed to respond to his discovery requests. He asks that they be compelled to provide him with the discovery requests. He also asks for costs in the amount of 95¢ for his postage, envelope, and paper used to file this motion to compel.

In response, Defendants state they responded to the requests in a timely manner and sent their responses to the address given by the Plaintiff. The mail was returned to them as undeliverable and unable to forward. Defendants state they have resent the discovery responses.

The motion to compel (Doc. 35) is denied. Any delay in Plaintiff's receipt of the discovery requests was due to his change of address and the fact that the responses were returned as undeliverable. The request for costs is also denied.

**Motion to Compel** (Doc. 48)

Plaintiff maintains the Defendants have made frivolous objections to his requests, have failed to respond to the question asked, and have failed to fully answer the requests. Plaintiff asserts that each response was insufficient.

In the first interrogatory, Plaintiff asks for an "exhaustive and thorough explanation" of why his Father was not arrested on November 24, 2011, at the same time Plaintiff was arrested. Defendants responded stating that the responding law enforcement officers assessed the situation and concluded the Plaintiff should be arrested. In responding to the motion to compel, Defendants indicated that Jason Bearthky responded to the call, evaluated the situation, arrested Plaintiff, and complied a probable cause affidavit and a judge determined probable cause existed. Defendants response as supplemented (Doc. 57) is sufficient.

In the second interrogatory, Plaintiff asks for an "exhaustive and thorough explanation of why no attempt was made to investigate my accusations about Jason Jones harassing and bullying me." In response, Defendants note that jail personnel discussed his complaint with the Plaintiff and he was unable to provide "specific examples of inappropriate conduct by Jones." This answer is sufficient.

AO72A
(Rev. 8/82)

Appellate Case: 13-2677    Page: 6    Date Filed: 07/31/2013 Entry ID: 4060623

Interrogatory three asks the Defendants to provide a "thorough explanation as to why the jail's policy that inmates must treat officers with respect and courtesy is constitutional, e.g., how do jail staff have a compelling interest in getting their a---- kissed." Defendants objected on the grounds the interrogatory calls for a legal conclusion and mischaracterizes the policy. They then stated that the policy speaks for itself and promotes order and security in the jail, while discouraging incitement. This response is sufficient.

In interrogatory four, Plaintiff asks how the jail's policy of making inmate's responsible for cleaning their own pods and cells does not violated Plaintiff's constitutional rights. Defendants object to the interrogatory but state that the policy advances the jail's legitimate interests in health, safety, order, and security. This response is sufficient.

Interrogatory five questions decisions made to place him in protective custody and move him to different areas of the jail. He states that he was essentially place in solitary confinement while the ones bullying or harassing him were not punished. He asks for a "exhaustive and thorough explanation as to why punishing the inmates who did it and make them stop was an insufficient remedy." Defendants objected on the grounds the interrogatory was contradictory and confusing. However, they stated that Plaintiff was moved several times for his and the other inmates' well being or safety.

The Court agrees that the interrogatory is not well written. As written, the Defendants' response is sufficient. However, Defendants are asked to supplement their response by stating in general what factors are considered in making the decision to place an inmate in protective custody (PC) and how the PC inmates are housed.

Interrogatory number six asks for "an exhaustive and thorough explanation as to what accommodations were made for my Asperger Syndrome." Defendants responded by providing records to the Plaintiff and also noting that he was moved several times for his well being and safety. This response is sufficient.

In interrogatory seven, Plaintiff asks [i]s it true that at the time of my arrest, Jason Bearthky and several jail officers knew of my history of filing lawsuits?" Defendants responded that they had no

AO72A
(Rev. 8/82)

knowledge of whether Deputy Bearthky and several officers knew of Plaintiff's previous lawsuits. This answer is sufficient. Deputy Bearthky no longer works for the Defendants and the other officers are unnamed.

In request for production one, Plaintiff states he has been informed that everything he did in jail was logged. He asks that the logs be produced. In response, Defendants object to the broadness of the request. However, they provided the Plaintiff with a copy of his jail file; Defendants also stated that if Plaintiff could identify the logs and dates he would like, they would be provided.

The request is overly broad. However, Defendants are asked to identify for the Plaintiff the types of logs that were kept during the relevant time frame and whether these logs are still in existence. Defendants should provide the Plaintiff with this information by **August 15, 2013.**

Request number two asks for "all footage of all the jail's cameras for every second" Plaintiff was in jail. In response, Defendants explained that most of the video had been recorded over. However, Plaintiff was provided with a video of an altercation he was part of that had been saved and also an audio recording of Plaintiff speaking to jail personnel about his difficulties.

In their response to the motion to compel (Doc. 57), Defendants explain in greater detail how the recording system works. Defendants reply is sufficient. However, Defendants are asked to provide the Court and the Plaintiff with an affidavit from someone at the detention center with knowledge of how the systems works and what video is preserved. The affidavit should be provided by **August 15, 2013.**

In request for production three Plaintiff asks for

> documentation of everything that jail officers did or had done to them, including but not limited to: 1) all times each officer was disciplined; 2) what the violation was; 3) what the sanction was; 4) each decision each officer made concerning an inmate; 5) the date and time; 6) the reasons given for each decision; and 7) generally, which officer performed other routine tasks of the jail, such as count, working the bubble, and paperwork. Please go back at least two year.

Defendants objected to the request being overly broad and unduly burdensome. However, Defendants stated that if he would provide clarification and specificity, they would provide the documents sought.

The Court agrees. The request is essentially impossible to answer as it asks for decisions made by all officers concerning all inmates.

Request for production number four asks for every arrest report involving a domestic battery for the last five years. Defendants object but state if Plaintiff will provide more information (e.g., the name of the arrestee or suspect), they will provide the information.

As written, the request is too broad. However, law enforcement agencies often compile statistics indicating the number of a certain type of crime occurring in the last year. If such statistics exist, Defendants are asked to furnish Plaintiff with the statistics for the year 2012. Defendants are given until **August 15, 2013,** to either provide the statistics or advise the Plaintiff such statistics do not exist.

In request for production five, Plaintiff asks for copies "of all outgoing and incoming mail and email for officers of the Boone County Sheriff's Department." Defendants object on various grounds including the fact that it would call for the production of personal mail and email of all employees.

The request is not limited to any specific time frame, is extremely broad, and the information sought is not relevant. Defendants objections are valid. They will not be required to provide the requested information.

In request for production six, Plaintiff asks for "affidavits of all persons you intend to call as witnesses, outlining every single solitary thing they will testify about." Defendants correctly replied that they were not required to create documents but only to provide documents in existence.

Request for production seven asks for Defendants to "[p]roduce records of every criminal charge I have filed in the past three years. These records should include (1) the evidence obtained, (2) the decision made, and (3) the reasons for the decision, among other things." Defendants objected on the grounds the interrogatory was confusing. They pointed out that citizens do not file criminal charges. Plaintiff was asked to clarify the request. Defendants response is sufficient.

Plaintiff states that prior to filing the motion to compel he conferred in good faith with opposing counsel in an effort to work out the disputes. However, his e-mail, Plaintiff's Exhibit D, which he states demonstrates his efforts constitutes anything but a good faith effort. Plaintiff calls Defendants' responses frivolous and "bullcrap." In another e-mail sent to Defendants' counsel, Defendants' Exhibit A, Plaintiff uses an expletive and threatens to sue Defendants and their counsel for abuse of process.

Plaintiff is advised that the Court expects the parties to be civil to each other at all times. Further, a good faith effort does not consist of one party deriding another.

The motion to compel (Doc. 48) is denied. However, Defendants are, at the request of the Court, asked to provide Plaintiff with the materials discussed above. While not directly requested by the Plaintiff, the Court believes the production of these materials will serve to provide information helpful to the parties and the Court.

**Motions for Sanctions** (Docs. 50 & 52)

Plaintiff asks for an award of sanctions in view of Defendants frivolous discovery responses and their failure to preserve all camera footage. The motions (Docs. 50 & 52) are denied. As noted above, the discovery requests were not well written and were too broad for Defendants to provide any meaningful responses. With respect to the camera footage, Defendants have been asked to provide an affidavit outlining the workings of the camera system and how and when footage is preserved.

**Motion for Declaratory Relief** (Doc. 54)

In this motion, Plaintiff asks that the Court dispense with the summary judgment procedure and declare the law to be in favor of him. He maintains that Supreme Court precedent barring certain claims unless the state criminal conviction has been set aside is inapplicable because he is accusing Defendants of vindictiveness and a desire to persecute him.

The motion (Doc. 54) is denied. Plaintiff is essentially asking for the Court to enter judgment in his favor bypassing the summary judgment procedure and a hearing or trial.

**Motion to Strike** (Doc. 76)

Plaintiff moves to strike the Defendants' response to Plaintiff's reply brief on his third motion for partial summary judgment. He maintains the "conditions are inappropriate for a surreply, and even if they were, the case law they cite has no weight in this proceeding."

The motion (Doc. 76) is denied. The Court will determine if it has any relevance.

**Motion for Issuance of Subpoenas** (Doc. 78)

Plaintiff asks the Court to subpoena various witnesses to testify at his hearing or trial. The motion (Doc. 78) is denied as premature. Plaintiff should submit his witness list to the Court approximately one month prior to a scheduled hearing or trial date.

**Motion for Leave to File Supplemental Briefing** (Doc. 73)

Plaintiff seeks to bring the Court's attention to a case he believes is relevant to his third motion for partial summary judgment. The motion (Doc. 73) is granted in part. The Court will consider the case cited by Plaintiff. However, Plaintiff will not be allowed to file another brief.

IT IS SO ORDERED this 30th day of July 2013.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE